```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS

MARIA ROSENTHAL,               )
          Plaintiff,           )
                               )
     v.                        ) C.A. No. 04-10803-MEL
                               )
STEPHEN GLICKMAN,              )
          Defendant.           )
```

**MEMORANDUM AND ORDER**

For the reasons stated below, plaintiff's complaint will be dismissed in thirty-five (35) days from the date of this Order, unless plaintiff shows good cause, in writing, before that time as to why this case should not be dismissed.

ALLEGED FACTS

On April 20, 2004, plaintiff Maria Rosenthal filed a <u>pro se</u> civil rights complaint, along with an application to proceed without prepayment of fees.  Although the caption of plaintiff's complaint names Stephen Glickman as the sole defendant, Mr. Glickman is not mentioned within the body of the complaint.

The complaint is somewhat vague and confused. Plaintiff's main contention appears to be that the Massachusetts Appeals Court improperly refused to grant an extension of time for plaintiff to file her appellate brief in a state court action, <u>Rosenthal v. Glickman</u>, Mass. Appeals

Court No. 2002-P-0708, despite the fact that she sought the extension to accommodate certain religious holidays. Plaintiff's complaint states that the appellate court's decision was upheld by the Supreme Judicial Court of Massachusetts.[1]  Generously construed, plaintiff appears to be attempting to allege a claim of religious discrimination by the Massachusetts Appeals Court and/or the Massachusetts Supreme Judicial Court.  Plaintiff seeks an order from this Court allowing her an extension of time to file her brief with the Massachusetts Appeals Court.

## ANALYSIS

I.   Plaintiff's Claims Are Subject To Preliminary Screening Pursuant To 28 U.S.C. § 1915

Plaintiff has sought permission to proceed in this action without prepayment of the filing fee.  Her complaint, therefore, is subject to the screening provisions of 28 U.S.C. § 1915.  See 28 U.S.C. § 1915 (proceedings in forma pauperis). Section 1915 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in

---

[1] The Supreme Judicial Court of Massachusetts' opinion dated February 6, 2004 (Rosenthal v. Glickman, No. SJC-09117), a copy of which is attached to the complaint, notes that the Appeals Court granted plaintiff's first three requests for extensions to file her brief, and that the Appeals Court denied plaintiffs several subsequent motions for extensions, including the one at issue.  The opinion further states that the Appeals Court subsequently dismissed the appeal after plaintiff failed to file her brief.

fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989), fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2).

Although pro se complaints must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), plaintiff's claims in this case are nevertheless subject to dismissal, as discussed more fully below.

II.  Plaintiff's Complaint Is Subject To Dismissal Because This Court Lacks Jurisdiction To Review State Court Decisions

Plaintiff essentially seeks an order from this Court directing the Massachusetts Appeals Court to grant plaintiff an extension of time to file her brief.  To the extent that plaintiff's complaint is a request for review of any state court proceedings, this Court cannot entertain such claims. Lower federal courts lack subject matter jurisdiction to review claims which have already been litigated in state court proceedings and may not review the civil judgments of state courts.  See Hill v. Town of Conway, 193 F.3d 33, 39 (1st Cir. 1999); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-486 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923).  Accordingly, to the extent that plaintiff seeks review of the decisions of the Massachusetts

Appeals Court and/or the Supreme Judicial Court of Massachusetts, plaintiff's claims are subject to dismissal.[2]

## CONCLUSION

ACCORDINGLY, for the reasons set forth above, plaintiff's complaint will be dismissed in thirty-five (35) days from the date of this Order unless plaintiff shows good cause, in writing, before that time why it should not be so dismissed. SO ORDERED.

Dated at Boston, Massachusetts, this 28th day of April, 2004.

    s/ Morris E. Lasker
    UNITED STATES DISTRICT JUDGE

---

[2] Moreover, I also note that, to the extent that plaintiff intends to name the Massachusetts Appeals Court and/or the Supreme Judicial Court of Massachusetts as defendants in this action, any civil rights action under 28 U.S.C. § 1983 against these defendants would be barred by the application Eleventh Amendment immunity. The Eleventh Amendment bars suits against a State, its departments and agencies unless the state has consented to suit. Alabama v. Pugh, 438 U.S. 781, 781 (1978) (per curiam). See Brown v. Newberger, 291 F.3d 89, 92 (1st Cir. 2002) (stating that there has been no unequivocal abrogation of the Commonwealth's Eleventh Amendment immunity).