UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Maria Rosenthal,
          Plaintiff

v.                                          C.A. No.04-10803

Stephen Glickman,
          Defendant

REQUESR FOR HEARING

Now comes the Plaintiff of the Complaint dated April 20,2004 and

Motion of GOOD Causes of May 19,2004 in the United States District

Court District of Massachusetts.

Plaintiff believes that the law will finally work not only for

the lawyer but also for the pro se who was severely discriminated

and punished as shows only a few important examples from the fi-

led Motion of Good Causes:

1.  The Complaint of $1,223.32 by the Trustees who is a lawyer an

    the Attorney for the Trustees which should be filed in Small

    Court but actually have been filed in the Norfolk Superior

    Court for some reason.

2.  The District Courts of Massachusetts Brookline Division

    entered July 1,1993 Judgment (Rule 58) that means a party

    shall recover only a sum certain or costs in the amount of

    (833.31+67.00+110.00+2,921.31) which came out in total of

    $3,931.62.

3.  The Attorney for the Trustees on October 3,1997 demand of

    $7,119.00 "since that time additional costs incurred for adve-

    rtising, sheriff's fees and legal fees approximately $2,000.00.

    The foreclosure sale is scheduled for October 9,1997" from the

Norfolk sherrif's office:

a) discriminating without requirement from the Court
   1.establishment a lien and,
   2.an Order for sale of private property

   pursuant to M.G. L., c.254 Section 5 and 5A.

b) on Jewish the Highest Holy Days, Rosh Ha-Shanah and Yom
   Kippur because " The Trustees intend to bid at the foreclo-
   sure sale the total amount owed the Trust", WHEN the
   attorney's fees only are 74,3% from $3,931.62 or for 25.7%
   ONLY.

c) EVen the "additional approximately $2,000.00 for "adver-
   tising" in Brookline Tab a "Legal Notice" of "Sale of Real
   Estate" when this unit on the third floor in the ten floor
   building does not has a piece of landed property, is not a
   possession of a decessed person, nor social class in feudal
   times could not be equal to the demand of $7,119.00 because
   "since" $3,931.62 even plus approximately $2.000.00 would
   be only $5,931.62 or mean time the amount they are increase
   on (7,119.00 -5,931.62)=$1,187.38 or on 205.

Wherefore, there ware a miscariage of justice the Plaintiff
believes that the good causes and allowed hearing will help jus-
tice prevail to obtain fundamental fairness.  Also, the elderly
pro se be compensated for suffering, humiliation and discrimina-
tion on national origin.

Dated: October 27,2004

Respectfully submitted

*Maria Rosenthal*

Maria Rosenthal
P.O.  Box 1953
Brookline, MA 02446

SERTIFICATE SERVICE
I, Maria Rosenthal hereby sertify that above copy this 27th day
of October 2004 mailed to the counsel Merrill, ONE State street
Suite 1500, Boston, MA 02109.

*Maria Rosenthal*