UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Maria Rosenthal,
        Plaintiff

    V.

Stephen Glickman,
        Defendant.

C.A. No.04-10803-MEL

MOTION OF RECONSIDERATION
THE MEMORANDUM AND ORDER 2005

Now comes the Plaintiff in the above entitled matter and hereby
asks this Court to look over again shown Good Causes in compliance
with Memorandum and Order Pursuant to Rule 1:28 upon review the
Motion for Clarification sought, among other things, to clerical
errors in the 1993 judgment it should have been reviewed under
Mass. R. Civ. P. 60 (a), 365 Mass. 829(1974) which authorizes
"At any time". Specifically the 1993 judgment incorporated sepa-
rate awards of damages (in the amount of $833.31).
And without Court's establishment a lien, without entered Court's
Order authorization the sale to make a forclouure of the elderly
roof over the head.

All errors are below:

First. Defendant through his  attorney filed December 24,1992 in
Superior Court a Complaint in total of $1,223.32. The Court except
for $185.- filing fees instead to sent to Small Court, espe-cially
an attorney.  Specificaly, when this plaintiff paid as an attor-
ney's fees. The excepted above Complaint without substantial evi-
dence for:  a) UNPAID COMMON AREA CHARGES, B)assesments, c)late
fees, d)fines, e)attorney fees, f)expenses, g)interest, which in
average is $174.76.

SECOND, Superior Court refer to Brookline District Court that Complaint and the District Court entered a Judgment dated March 9, 1993 and order this judgment on the complaint for plaintiff only not in the amount of $1,223.32 or in average of $174.76 for each unpaid in the Complaint. The monetary damages with interest in the amount of $831.31 as incorporated, separate awards have not been shown. The amount arrive not from the Complaint as well as attorney's fees,filing fees,costs and expenses related in total of $2,088.00. Therefore the total has been increased from $1223.32 up to $2921.31 or on 238.8% FROM WHOSE initiative.

THIRD.Entered Judgment March 9,1993 have been vacated March 23,1993 but for some special reason entered.

FOURTH,The plaintiff through his attorney filed Memorandum of DAmages and an Affidavit of Attorney's fees and expenses on March

| 9,1993 | AND<br>which shown | March 23,1993 |
|---|---|---|
| $  388.31 | in commons area fees<br>this time only for this | 192.82 |
| 445.00<br>1,811.- | in late fees also<br>thenonly plus in attorney's fees | 455.20<br>1,811.- |
| 277.- | and expenses | 277.- |
| $2,921.31 | for a total sum of | $2,725.82 |

This plaintiff believes that was a posebility to ignore the Complaint in the amount of $1,223.32 increase to $2,921.31 or on 238.8% OR ON 222.8%.

FIFTH,The Court on June 18,1993 entered Memorandum of Decision after vacating March 23,1993 the Judgment entered March 9,1993. In the Memorandum have not been determined as shown in Complaint in total of $1,223.32. The  Judge chose some from one and some

from the other Affidavit shown above and even some from whatever.
But stated that unpaid the following:

a)common area fees in the amount of $ 192.82
b) late fees                      "     445.00
c) attorney fees and expenses          2921.31

Plaintiff through his attorney has not presented any evidence des-
pite on February 11,1993 the Court issued an Order that the Winche
ster House Condominium Trust on $1223.32 whether or not such docu-

ments are to be introduced into evidence.  Even presented  RULES
and Regulations  the11. Latefees charge of one and one-half percent
($1\frac{1}{2}$%)per month by defendant has been ignored.

No in one from two Affidavits attorney fees and expenses the amour
of $2921.31. This amount appear only as a total on the Judgment
March 9,1993 and not only proof that the Court had not review
never anything.

SIXTH. After, anyway the same Judge entered Judgment (Rule58)
already which means "that a party shall recover only a sum certain
                    or costs . . .".

The Judge omitted in this Judgment what he done on March 9,1993
Judgment. Mean time he repeated the incorporated amount of $833.31
which should be separate by law and Appeals Court December 5,2000
yeat advised. But the repeated incorporated awaard is higher on
$195.49 or on 20.4% [ 833.31-(192.82+445.00)]=637.82.

In total the  Judgment (Rule 58) the amount by adding is increased
on 321,4% on the amount in the complaint and even on 34.6% than
in THE Judgment March 9,1993.

SEVENTH.All these Judgments and Memorandum of Desision encouraged the
defendant through his attorney to go deeper and forward freely.
The attorney had not notified this plaintiff and print easily in
the Brookline Tab a legal notice about ilegal sale of the roof
over her head without Court Order of establishment a lien and

Court Order to authorize the sale on the Highest Jewish HolyDay
from the Office of the Norfolk County Deputy SHERIFF calling this
public ACTION.

EIGHTH. Thank God that only one Judge of the Commonwealth of Mas-
sachusetts Superior Court on October 9,1997 Restrained the Sale
But that attorney find a new way of thretens the elderly ethnic
minority. Agood evidence are the letters not only in the same
month.

NINTH. The attorney demanded forcefully amount of $7119.-instead
of the amount of $1223.32 by showing the succsess his in the Court
during four (4) years, nine (9) MONTHS AND sixteen (16) days from
the date of complaint to the date Restraining the Forclosure on
YOM Kippur and the stress to be on the street at this age.
The demand amount has been paid by two checks. But this attorney
kept open the case for some reason because he had not oficialy
informed the Court.

TENTH. On December 5,2000 Commonwealth of Massachusetts APPEALS
Court entered a Memorandum and Order Pursuant to Rule 1:28 were
shown many errors, ilegal action and among other things.
But Brookline District Court had not acted on that Memorandum and
Order.

ELEVENTH.Brookline District Court on January 25,2001entered a
Modified Judgment(Rule 58) because this plaintiffasked for a hear-
ing January 23,2001 which was scheduled on February 13,2001 at 10
A.M. The Modified JUdgment January 25,2001 ignored mentioned all
errors with the exception of attorney fees and expenses stated.
An excellent exemple is that THE $833.31 again incorporated when
Appeals Court advice separate.. The reason of it would be less on

-5-

$195.49 The same is about to issued an Order to pay   to this
plaintiff the amount of modification plus to return demanded' and
received in 1997 the amount of $7119.00.

TWELFTH. The Brookline District Court issued an Order dated July 6,
2001 continuing to Deny this plaintiff's Motions.

THIRTEENTH. Ditrict Court entered a Memorandum of Decision on .
August 16,2001. The Judge in his named Memorandum of Decision
even does not mention about illegal foreclosure and forceable
received $7119.00, about clarification "at any time" which  ; refu-
sed but also ignored Appeals Order December 5,2000 and many others
errors because the Court had not reviewed. Thisis truth and suppor+
the above.  Had the Court not erred and reviewed what was asked
this matter would not be in litigation for almost a decade as
states above. And protected elders by Massachusetts General Law
Chapter 19 would not be stressed.

It means from the point of the Memorandum of Decision that every-
thing done to this plaintiff by the Court below is correct:

A)The complaint of the total amount of $1223.32 was ignored by
   enterimg into Judgment March 9,1993.

B)Tne Memorandum of Decision June 18,1993 was not based on substan-

   tial evidence and in compliance with the Complaint even filed in
   Superior Court instead of Small Court.

C) The Judgment (Rule 58) July 1,1993 increased, not only from
   Complaint more than three(3) times but also increased on the
   Judgment March 9,1993 on 34.6%

D) The forclosure without your establishing a lien and Court's
   Order autorezed the sale of the elderly roof over the head
   only for attorney fees and filing fees in Superior Court.

E)Forcefully taken $7119.- by attorney and not inform the Court
   regarding pending case.

-6-

F) Not to issue an Order that this defendant should return to this plaintiff the demand $7119.- and amounts of all clerical errors

WHEREFORE, THE PLAINTIFF REQUESTS THAT THIS Court deeply review

the Good Cause and correct all errors even the litigation account-

ed by this Memorandum because by law clarification "at any time".

Respectfully submitted

*Maria Rosenthal*

Maria Rosenthal
P.O. Box 1953
Brookline MA 02446

ADDENDUM

NO.04-10803

| ## : | DATE : | 3 | :# O :pag |
|------|--------|---|-----------|
| 1 | 2 | | 4 |
| 1 | 10/23/92 | Complaint filed in Superior Court | 3 |
| | 02/11/93 | Order of the Brookline District Court | 1 |
| 3 | 03/09/93 | Court Judgment | 1 |
| 4 | 03/09/93 | Plaintiff's Memorandum of Damages | 1 |
| 5 | 03/09/93 | Affidavit of Attorney's Fees and Expenses | 2 |
| 6 | 03/23/93 | Affidavit of Attorney's Fees and Expenses | 2 |
| 7 | 06/18/93 | Court Memorandum of Decision | 5 |
| 8 | /84 | Rules and Regulations Winchester House Condom | 2 |
| 9 | 08/10/90 | Letter Winchester House Special Assessment | 1 |
| 10 | 07/01/93 | Court Judgment (Rule 58) | 1 |
| 11 | 04/21/94 | Letter GMAC Mortgage to Merrill&McGEARY | 1 |
| 12 | /97 | Legal Notice Sale of Real Estate in Brookline Tab | 1 |
| 13 | 10/03/97 | Letter Merrill & McGeary | 1 |
| 14 | 10/08/97 | Letter Goldenberg Walters & Lipson | 1 |
| 15 | 10/09/97 | Copy of the Check | 1 |
| 16 | 10/09/97 | Letter Merril & McGeary | 1 |
| 17 | 10/09/97 | Superior Court Summons & Restraining Order | 1 |
| 18 | 10/18/97 | Copy of the Check | 1 |
| 19 | 11/21/99 | Letter Goldenberg Walters & Lipson | 2 |
| 20 | 12/05/00 | Appeals Court Memorandum & Order Pursuant to Rule 1:28 | 2 |
| 21 | 01/25/01 | Court Modified Judgment (Rule 58) | ! |
| 22 | 02/13/01 | Motion Relief from Judgment Pursuant to Rule 60(B) | 3 |
| 23 | 03/16/01 | Reply to Plaintiff's Opposition to Defendan's MOTION Relief from Judgment Pursuant to Rule 60(B) AND AN AFfidavit | 6 |
| 24 | 06/19/01 | Court Hearing | 1 |
| 25 | 06/29/01 | Supplemental Motion for Relief from Judgment to Rule 60(B) | 2 |
| 26 | 07/06/01 | Court Order | 1 |
| 27 | 07/11/01 | Motion to Vacate Odex Order | 2 |
| 28 | 08/16/01 | Court Memorandum of Decision | 1 |
| 29 | 08/22/01 | Motion to Clarify Memorandum of Decision | 1 |
| 30 | 11/09/01 | Court Memorandum in Clarification of August 16,2001 Decision | 1 |

COMMONWEALTH OF MASSACHUSETTS          **92 02656**

NORFOLK, ss

SUPERIOR COURT
CIVIL ACTION NO.

STEPHEN GLICKMAN, AS          )
TRUSTEE OF WINCHESTER          )
HOUSE CONDOMINIUM TRUST,          )
             Plaintiff          )
                   )
v.          )          COMPLAINT
                   )
MARIA ROSENTHAL,          )
            Defendant          )

1.   The plaintiff, STEPHEN GLICKMAN, is a Trustee of
     WINCHESTER HOUSE CONDOMINIUM TRUST and has been
     specifically authorized by the Trust's By-Laws and by a
     vote of the majority of the Board of Trustees in a duly
     constituted meeting to bring this action on behalf of
     the Trust.

2.   The defendant, MARIA ROSENTHAL, is the owner of Unit
     305 (hereinafter, "the Unit") in Winchester House
     Condominium, a condominium located at 19 Winchester
     Street, Brookline, Norfolk County, Massachusetts by
     deed recorded with Norfolk Registry of Deeds in Book
     6388, Page 312.   Defendant resides at 19 Winchester
     Street, Unit 305, Brookline, Massachusetts.

3.   This action is brought pursuant to M.G.L. c.183A,
     Section 6 and M.G.L. c.254, Section 5 and Section 5A.

4.   Winchester House Condominium Trust is a non-profit
     organization duly created and existing under the laws
     of the Commonwealth of Massachusetts with its principal
     place of existence in Brookline, Massachusetts.   The
     Trust is a unit owners' association created pursuant to
     M.G.L. c.183A to manage, maintain, protect and preserve
     the common areas of Winchester House Condominium
     created by Master Deed recorded with said Registry of
     Deeds in Book 5593, Page 511, as amended.

5.  M.G.L. c.183A, Section 6, provides in pertinent part:

    A.  That each unit owner shall be personally liable
        for all sums lawfully assessed for his share of
        the common expenses.

    B.  Such unit owner's share of the common expenses
        shall constitute a lien upon his unit, enforceable
        and with the priority set forth in said M.G.L.
        c.254, Sections 5 and 5A.

6.  The By-laws of Winchester House Condominium Trust and
    the Rules and Regulations adopted pursuant thereto
    provide that the amount of each common area charge
    shall be a personal liability of the unit owners, and
    if not paid when due, shall constitute a lien on the
    unit of the unit owner assessed. Each unit owner, by
    acceptance of a unit deed, agrees to pay all costs and
    expenses, including reasonable attorney's fees,
    incurred by the Board of Trustees in the collection of
    common area charges and in the enforcement of such
    lien.

7.  The By-Laws of Winchester House Condominium Trust and
    Rules and Regulations promulgated pursuant thereto by
    the Board provide that the Condominium Board of
    Trustees shall have the power to levy fines and late
    charges against unit owners for violations of rules and
    regulations and By-Laws of the Condominium, including,
    but not limited to, the non-payment of common area
    charges, and the collection of such fines and/or late
    charges may be enforced as if the fines and/or late
    charges were common area charges.

8.  In accordance with the By-Laws and/or rules and
    regulations, the Condominium Board of Trustees has duly
    assessed the defendant for common charges, and fines
    and/or late charges for violations of the Trust's
    By-Laws and rules and regulations of the Condominium.

9.  As of October 21, 1992, the defendant was indebted to
    the plaintiff for unpaid common area charges,
    assessments, late fees, fines, attorney's fees and
    expenses, and interest thereon in the total amount of
    $1,223.32. The defendant has failed, refused and
    neglected to pay said sum despite demand in writing for
    same.

    Wherefore, the plaintiff prays that judgment be entered
against the defendant as follows:

    A.  Judgment for the plaintiff in the amount of
        $1,223.32 for monetary damages and interest
        thereon.

34

B.   Judgment for the plaintiff in the amount of all
     unpaid common area charges, late fees, fines,
     attorney's fees and expenses assessed against the
     defendant pursuant to the condominium documents
     and Rules and Regulations promulgated pursuant
     thereto subsequent to October 21, 1992, plus
     interest thereon to the date the judgment is
     entered and the execution issues.

C.   An order declaring a lien against the Unit in
     favor of the plaintiff pursuant to the provisions
     of M.G.L. c.183A, Section 6 to the full extent of
     the plaintiff's damages as determined herein.

D.   An order authorizing the sale of the Unit pursuant
     to the requirements of M.G.L. c.254, Sections 5
     and 5A in order to satisfy the lien thereon.

E.   An order authorizing any rents for the Unit owed
     to the defendant to be paid by the tenant directly
     to the plaintiff and applied to sums owed by
     defendant.

F.   Such further relief as this Honorable Court shall
     deem just.

                         WINCHESTER HOUSE CONDOMINIUM
                         TRUST
                         By its attorney,


                         Michael W. Merrill
                         11 Beacon Street, Suite 1200
                         Boston, Massachusetts 02108
                         (617) 523-1760


Dated: 10/21/04



                    A TRUE COPY
               Attest:

Exhibit G3    54

## COMMONWEALTH OF MASSACHUSETTS

ιFOLK, ss.

DISTRICT COURT DEPARTMENT
BROOKLINE DIVISION
CIVIL ACTION NO. 9209RM0045

PHEN GLICKMAN, Trustee of
CHESTER HOUSE CONDOMINIUM TRUST,
        Plaintiff

ιIA ROSENTHAL,
        Defendant

### ORDER

1.  Plaintiff to respond to defendant's request for production of ιments as required by the Mass. Rules of Civil Procedure.

2.  In any event, plaintiff to produce all documents on which he ιs for each fact asserted in his Complaint including, but not limited to, ι assertion that defendant owes to the Winchester House Condominium ιt $1,223.32, whether or not such documents are to be introduced into ιence.

_____
Herbert N. Goodwin
Justice

ιd:  February 11, 1993

Exhibit 12?

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss

DISTRICT COURT DEPARTMENT
BROOKLINE DIVISION
CIVIL ACTION NO. 9209RM0045

STEPHEN GLICKMAN, AS TRUSTEE OF )
WINCHESTER HOUSE CONDOMINIUM TRUST, )
          Plaintiff )
                              )
v. )              JUDGMENT
                              )
MARIA ROSENTHAL, )
          Defendant )
                              )

    After ~~a trial on the merits~~ *default*, the Court orders judgment on the complaint for plaintiff as follows:

1. Pursuant to Prayers for relief A & B in the complaint, $ 833.31 monetary damages with interest thereon from the date of filing the complaint and $ 2088.00 for attorney's fees, filing fees, costs and expenses related thereto. The total amount is $ 2921.31 .

2. Pursuant to Prayer C of the complaint, that a lien exists pursuant to the provisions of M.G.L. c. 183A, Section 6 in favor of the plaintiff as of the date of the filing of the complaint.

3. Pursuant to Prayers D & E of the complaint, that the defendant's condominium unit be sold pursuant to the requirements of M.G.L. c. 254, Sections 5 and 5A in order to satisfy the lien established.

    After ~~a trial on the merits~~ *default*, the Court also orders judgment for the plaintiff on the counterclaim.

By the Court,

Dated: 3/9/93

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS

DISTRICT COURT DEPARTMENT
BROOKLINE DIVISION
CIVIL ACTION NO. 9209RM0045

STEPHEN GLICKMAN, AS TRUSTEE OF      )
WINCHESTER HOUSE CONDOMINIUM TRUST,  )
                Plaintiff            )
                               )
v.                                   )
                               )
MARIA ROSENTHAL,                     )
                Defendant            )
                               )

## PLAINTIFF'S MEMORANDUM OF DAMAGES

### FACTS AND ARGUMENTS

The defendant is the owner of Unit No. 305 in the Winchester House Condominium located in Brookline, Massachusetts.

The plaintiff, Stephen Glickman, is a Trustee of Winchester House Condominium Trust who is authorized to bring this action.

The defendant is in arrears to the Condominium Trust for unpaid common area fees, late fees and legal fees in the amount of $ 2921.31 as of March 9, 1993.

Pursuant to the terms of the By-Laws and provisions of M.G.L. Chapter 183A, Section 6 and M.G.L. Chapter 254, Section 5, the plaintiff shall have the right to collect said unpaid fees and establish a condominium lien against the defendant's unit.

By his attorney,

Michael W. Merrill, Esq.
MERRILL & MCGEARY
One Beacon Street
Boston, MA  02108
(617) 523-1760

59.

Exhibit F1

COMMONWEALTH OF MASSACHUSETTS

FOLK, ss

DISTRICT COURT DEPARTMENT
BROOKLINE DIVISION
CIVIL ACTION NO. 9209RM0045

EPHEN GLICKMAN, AS TRUSTEE OF        )
NCHESTER HOUSE CONDOMINIUM TRUST,    )
              Plaintiff    )
                      )
                      )
                      )
ARIA ROSENTHAL,                      )
            Defendant            )
                      )

## AFFIDAVIT OF ATTORNEY'S FEES AND EXPENSES

I, Michael W. Merrill on oath depose and state the following
is true:

1. I am an attorney with offices at One Beacon
   Street, Boston, Massachusetts. I am a member of
   the Massachusetts Bar and I represent the plaintiff
   in the above-captioned action.

2. I have reviewed the Management Company's ledger
   sheets and I am satisfied that the defendant owes
   as of March 9, 1993 $ 388.31 in common area fees,
   plus $ 445.00 in late fees, interest, and/or
   fines, plus $2,088.00 in attorney's fees and
   expenses for a total sum of $ 2921.31.

3. The legal services rendered in this matter include
   writing a demand letter to the Defendant, numerous
   telephone calls and correspondence with my client,
   drafting and filing a complaint, service of the
   complaint, drafting and filing of an Answer to
   Counterclaim, drafting and compiling response to
   Plaintiff's Request for Production of Documents,
   appearance in Brookline District Court on February
   9, 1993 on defendant's motion for Production of
   Documents, drafting of Supplemental Response to
   Defendant's Request for Production of Documents and
   Opposition to Defendant's Motion to Dismiss, second
   appearance in Brookline District Court on March 2,
   1993 on Defendant's Motion to Compel Production of
   Documents, drafting a proposed form of judgment,

findings of fact, memorandum and affidavit of damages and appearance for trial at Brookline District Court on March 9, 1993. I have billed 4,8 hours at a rate of $120.00 per hour, and 9.5 hours at a rate of $130.00 per hour, for a total of $1,811.00 in attorney's fees.

4.   The expenses incurred include a fee for title run-down of $50.00, filing fee of $185.00, sheriff's fee of $27.50, recording fee of $10.00 and a fee of $4.50 to obtain a certified copy of the complaint. The total expenses are $277.00.

Signed under the pains and penalties of perjury this 9th day of March, 1993.

Michael W. Merrill, Esq.
MERRILL & MCGEARY
One Beacon Street
Boston, Massachusetts 02108
(617) 523-1760

2

Exhibit F.2

COMMONWEALTH OF MASSACHUSETTS

RFOLK, ss
DISTRICT COURT DEPARTMENT
BROOKLINE DIVISION
CIVIL ACTION NO. 9209RM0045

PHEN GLICKMAN, AS TRUSTEE OF        )
CHESTER HOUSE CONDOMINIUM TRUST,    )
                    Plaintiff       )
                                    )
                                    )
.                                   )
                                    )
ARIA ROSENTHAL,                     )
                    Defendant       )
                                    )

## AFFIDAVIT OF ATTORNEY'S FEES AND EXPENSES

Michael W. Merrill on oath depose and state the following true:

1. I am an attorney with offices at One Beacon Street, Boston, Massachusetts. I am a member of the Massachusetts Bar and I represent the plaintiff in the above-captioned action.

2. I have reviewed the Management Company's ledger sheets and I am satisfied that the defendant owes as of March 2, 1993 $ *192.82* in common area fees, plus $ *455.29* in late fees, interest, and/or fines, plus $2,088.00 in attorney's fees and expenses for a total sum of $ *2735.82*

3. The legal services rendered in this matter include writing a demand letter to the Defendant, numerous telephone calls and correspondence with my client, drafting and filing a complaint, service of the complaint, drafting and filing of an Answer to Counterclaim, drafting and compiling response to Plaintiff's Request for Production of Documents, appearance in Brookline District Court on February 9, 1993 on defendant's motion for Production of Documents, drafting of Supplemental Response to Defendant's Request for Production of Documents and Opposition to Defendant's Motion to Dismiss, second appearance in Brookline District Court on March 2, 1993 on Defendant's Motion to Compel Production of Documents, drafting a proposed form of judgment,

56

findings of fact, memorandum and affidavit of damages and appearance for trial at Brookline District Court on March 9, 1993.  I have billed 4,8 hours at a rate of $120.00 per hour, and 9.5 hours at a rate of $130.00 per hour, for a total of $1,811.00 in attorney's fees.

4.    The expenses incurred include a fee for title run-down of $50.00, filing fee of $185.00, sheriff's fee of $27.50, recording fee of $10.00 and a fee of $4.50 to obtain a certified copy of the complaint.  The total expenses are $277.00.

Signed under the pains and penalties of perjury this 9th day of March, 1993.

Michael W. Merrill, Esq.
MERRILL & MCGEARY
One Beacon Street
Boston, Massachusetts 02108
(617) 523-1760

COMMONWEALTH OF MASSACHUSETTS

NORFOLK,SS

DISTRICT COURT DEPT.
BROOKLINE DIVISION
9209RM0045

STEPHEN GLICKMAN, TRUSTEE OF WINCHESTER HOUSE
CONDOMINIUM TRUST

v.

MARIA ROSENTHAL

MEMORANDUM OF DECISION

## I. INTRODUCTION

This is an action by the Trustee of a Condominium Trust against the defendant, a unit owner, to collect unpaid common area fees and late fees, as well as legal fees incurred in the collection of these other fees in accordance with the terms of the By-Laws of the Winchester House Condominium Trust and G.L. c. 183A section 6 and G.L. c. 254, section 5 & 5A.

The action was commenced by the plaintiff in the Superior Court in October, 1992. The case was transferred to the Brookline District Court on December 23, 1992. The matter was tried before the Court (Agnes, J.) on March 23, 1993. The defendant was given leave to submit documentary evidence to the court following the hearing. Based upon the testimony of several witnesses and numerous documents that were received into evidence, I make the following findings and rulings.