Specifically, the 1993 judgment incorporated separate awards of damages (in the amount of $833.31) and attorney fees (in the amount of $2921.31). (A. 129) The award of attorney fees, apparently based upon a misreading of an affidavit submitted by plaintiff's counsel (A. 104), was incorrect. The correct amount of attorney fees, according to the affidavit, was $2088.00. (A. 104)

The decision of the Appellate Division dismissing the appeal is vacated. The judgment which entered on July 1, 1993, is modified by reducing the award of attorney fees from $2921.31 to $2088.00. The plaintiff's request for attorney fees is denied. Neither party is to have the costs of appeal.

So ordered.

By the Court (Brown, Smith
& Lenk, JJ.),

Ashley Ahearn
Clerk

Entered: December 5, 2000

5

THE COMMONWEALTH OF MASSACHUSETTS
The Trial Court of the Commonwealth
District Court Department, Brookline Division
360 Washington Street
Brookline, Massachusetts 021446
617-232-4660

Exhibit E.

NORFOLK,ss

Civil Action No.9209RM0045

**Stephen Glickman, Trustee of Winchester House Condominium Trust**
              Plaintiff

Vs.

**Maria Rosenthal**       Defendant

## MODIFIED JUDGMENT
### (Rule 58)

Upon **Findings of the Appeals Court**
(it has been ORDERED AND ADJUDGED by the court,    **BROWN, SMITH & LENK, JJ**   ,)
(it is recorded by the clerk without court order,)              (name of judge)

[X] that the plaintiff, **Stephen Glickman, Trustee of Winchester House Condominum Trust** recover of the defendant, **Maria Rosenthal** the sum of $ 833.31 ,with interest from provided by law in the amount of **$ 67.00** ,(and costs in the amount of **$ 110.00** ).
**Attorneys fees is modified from $2,921.31 to $2,088.00.**

[ ] that the plaintiff,                                        , take nothing, that the action be dismissed
as to defendant,                                                        (on the merits,)(and that the
defendant,                               ,recover costs in the amount of $                        ).

_____
(Assistant Clerk)
January 25, 2001
(date)

dgment entered on docket on  January 25, 2001          pursuant to Rules 58(a) and 79(a) and a copy
thereof sent to parties immediately, as notice pursuant to Rule 77(d).

Attached to the copy of this judgment
sent as notice are the court's rulings of            _____
law (and findings of fact), if any.                               (signature)

Exhibit F

Commonwealth of Massachusetts

Norfolk, SS

Brookline Division
District Court Department
Civil Action # 9209 RM 0045

Steven Glickman.,
        Plaintiff

v.

Maria Rosenthal
        Defendant

## MOTION RELIEF FROM JUDGMENT PURSUANT TO RULE 60(B)

1. On January 25, 2001 the Appeals Court issued a finding in this case, reducing a prior attorneys fees award from $2921.31 to $2,088.00. (Exhibit A)

2. The original basis for this cause of action was an effort by the plaintiff to recover common area fees, late fees and attorney's fees.

3. The District Court found after the hearing that the appropriate amount owed was $2690.82.

4. The district court failed to consider evidence showing that the defendant did not owe any late fees or common area fees.

5. As a result, the judgment was incorrect and based upon mistaken information.

appeal the Plaintiff and his counsel went forward with a foreclosure based upon this incorrect judgment.

7. Plaintiff then attempted to get a foreclosure sale of Defendant's unit, but the foreclosure enjoined by a Superior Court Judge. One of the reasons the sale was stopped is because it was scheduled on Yom Kippur, a Holy Day for the Defendant, a fact that was known to the Plaintiff and the Sheriff. (Exhibit B)

8. Plaintiff attempted to obtain a foreclosure sale even though this interest in the property was secondary to the mortgage loan of the insurance company. (Exhibit C)

9. The amount required to be paid by the Defendant to stop the foreclosure was raised from $2,921.31 to $7,119.00 (Exhibit D)

10. In order to avoid foreclosure the Defendant paid the Plaintiff $7,119.00 at great costs to her and great damage to her reputation. She had to borrow money from friends and she had no source of income at the time.

11. While the Appeals Court found that there was a mistake in the amount of attorneys fees awarded, there were even greater mistakes in the computation of the common area fees and late fees that formed the basis for this action.

12. These mistakes and the reckless, mean spirited attempt to force a foreclosure sale, and the demands of $7,119.00. have led to severe hardship and suffering to the Defendant.

   Wherefore, the Defendant respectfully requests that this Court grant relief from judgment was erroneous; that the trial court erred by not considering evidence that the common area and late fees were in fact not due and owing to the Plaintiff; and that this Court order reimbursement to the Defendant of the $7,119.00 that Defendant Rosenthal was finally required to pay.

                                        Respectfully Submitted,

                                        *Maria Rosenthal*
                                        Maria Rosenthal

Commonwealth of Massachusetts

Norfolk ,SS

Brookline Division
District Court Department
Civil Action # 9209 RM 0045

Steven Glickman.,
          Plaintiff

v.

Maria Rosenthal
          Defendant

## REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION RELIEF FROM JUDGMENT PURSUANT TO RULE 60(B)

Defendant avers the following in support

1. That the Plaintiff improperly charged late fees to the Defendant

2. That the Defendant paid all common area fees

3. That the Plainitt's counsel charged excessive and unnecessary legal fees which caused the defendant to pay $7,119.00

4. That the facts in support of these averments are stated in the affidavit attached herto as exhibit A.

Wherefore, the Defendant respectfully requests that this Court grant relief from judgment and find that the original judgment was erroneous; that the trial court erred by not considering evidence that the common area and late fees were in fact not due and owing to the Plaintiff; and that this Court order reimbursement to the Defendant of the $7,119.00 that Defendant Rosenthal was

demanded of her. Further that this court hold a hearing on the facts averred and grant any other relief for damages suffered as a result of the actions to bring foreclosure and bring an execution against me.

                                                       Respectfully Submitted,

                                                       *Maria Rosenthal*

                                                       Maria Rosenthal

93

Commonwealth of Massachusetts

Norfolk ss

Brookline District Court
Department of the Trial Court
No: 9209RM0045

---

Stephen Glickman, As Trustee )
of Winchester House )
Condominium Trust, )
                Plaintiff )
v. )
  )
Maria Rosenthal, )
                Defendant )

---

## AFFIDAVIT MARIA ROSENTHAL

I, Maria Rosenthal under oath depose and state the following is true of my own knowledge:

1. Attorney Michael Merrill is an attorney for Winchester House Condominium Trust and he filed a complaint stating that I was indebted to the plaintiff for unpaid common area charges, assessments, late fees, fines, attorney's fees and expenses and interest thereon in the total amount of $1,223.32. Merrill's client Plaintiff Stephen Glickman was not authorized by a vote of the board to bring this action on behalf of the trust.

2. The complaint was filed in Superior Court, but was transferred to District Court on December 23, 1992. Many of the documents filed by the appellant were never docketed in the District Court leaving an incomplete record.

3. On February 11, 1993 Judge Goodwin issued an order to produce documents on which plaintiff relied for each fact asserted in this complaint, but this did not happen.

4. On March 9, 1993 Judge Agnes issued a judgment based upon the complaint filed by the plaintiff and granted monetary damages and interest from the date of the complaint in the amount $833.31. The court also ordered the defendant to pay attorney's fees filing fees, costs and expenses in the amount of $2,088.00 for a total of $2,921.31  The court also established a lien in this judgment

5. This hearing was highly irregular because it was requested to be a discovery hearing because Plaintiff had not provided documents in discovery

6. The court held a trial instead and as a result the Plaintiff had a lien on the my condo for $2,921.31

7. In fact there were no charges owed on common area fees when the complaint was filed in October 1992.

8. Further, the late fees charged by the condo association were not properly authorized by the board.

9. The law did not did not give the condo trust priority over the GMAC loan that was a super lien under the statute and the foreclosure based upon these improper late fees and paid charges was stopped by the Superior Court.

10. Plaintiff's counsel was aware of this law and improperly charged legal fees to prosecute a foreclosure that was harassment.

11. Actual evidence of the harassment and mean spirited actions of the Plaintiff's and there counsel is the attempt to schedule a foreclosure on Yom Kippur, a solemn Jewish Holiday that is considered the holiest day of the year for Jews.

12. Eventually in order to stop the foreclosure the I was demanded to pay $7,119.00

13. I am attempting to get justice because Judge Agnes refused to take the time of the court to consider my defenses and he ignored my valid claims.

14. As a pro se defendant who has trouble with the English language I have not done everything correctly to pursue my rights. However, I have been unfairly charged with excessive legal fees for actions that were not necessary and I have fought for my rights.

15. In order for there to be justice I must truly be given a chance to present the illegalities of this case and the wrongful actions of the condominium association and their counsel.

Signed under pains and penalties of perjury this 13th day of March 2001.

*Maria Rosenthal*
Maria Rosenthal

Your Honor I am here on the pending Motions following December 5, 2000 Appeals Court Decision through Issued Memorandum and Order

I pay your attention to all 12 paragraphs and especially paragraph #9 where I seek recovery of wrongfully and maliciously demanded from me $7119.00 during the Jewish High Holy Days - Yom Kippur - in orchestrated foreclosure in violation of my religious Rights.

In addition to it, the reduced award per Appeals Court and another clerical mistake pointed of the Plaintiff that $110.00 in costs which were incorrectly added by the clerk of the court which comes to the total of $8062.31.

I pay your attention to both motions and to the Reply to Plaintiff's opposition.

I seek recovery.

June 19, 2001

Judge Goodwin

[...] 2001  Judge  M[...]

Exhibit I

Norfolk, ss    COMMONWEALTH OF MASSACHUSETTS

District Court Department
Docket # 92 RM 0045

Steven Glickman, Trustee )
Winchester House Condominium )
       Plaintiff )
v. )
Maria Rosenthal )
       Defendant )

## SUPPLEMENTAL MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 60B

The defendant, Maria Rosenthal, in support of this motion avers the following:

1. That despite numerous requests and a court order for discovery in this matter that were not complied with and not produced, Judge Agnes held a hearing on this matter. There was never any evidence presented that showed there was a condominium board policy that permitted the Trustees of the condominium to charge late fees.

2. That without hearing and without the proper discovery, Judge Agnes issued a judgment based upon a complaint filed by the Plaintiff. The amount of the judgment was $833.31 and $2088.00 in attorney fees.

3. That even though there was no evidence that the condo association had the authority to impose late fees and despite the failure of the Plaintiffs to prove that such a policy existed the court found for the plaintiff. The original purpose of the hearing before Judge Agnes was for discovery which he turned into a trial.

4. That Attorney Merrill then proceeded to foreclose based upon these alleged late charges, however, the Superior Court stopped the foreclosure because of existing law that gave the mortgage company a superior lien.

5. That Attorney Merrill was aware of the super lien law used by the court to deny the foreclosure. He filed the foreclosure as a means of harassment.

45

6. That As a result of the improper trial held by Judge Agnes and the illegal action by Attorney Merrill to proceed with a foreclosure, Defendant was required to pay $7,119.00 to stop the foreclosure. Defendant has been harmed in the amount of $7,119.00.

7. In support of these allegations see Defendant's Motion for Relief From Judgment Pursuant to Rule 60(b) and attachments.

Wherefore, the Defendant requests that this court find for her in the sum of $7,119.00.

Respectfully Submitted

*Maria Rosenthal*
Maria Rosenthal

Certificate of Service

I, hereby certify that a true and correct copy of this motion was sent be first class mail to Attorney Michael Merrill, 6 Beacon St., Boston MA 02108.

*Maria Rosenthal*
Maria Rosenthal

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                    DISTRICT COURT DEPARTMENT
                                                BROOKLINE DIVISION
                                                DOCKET NO: 9209RM0045

STEVEN GLICKMAN, TRUSTEE
WINCHESTER HOUSE CONDOMINIUM
         Plaintiff

v.

MARIA ROSENTHAL,
         Defendant

ORDER

Defendant's motion for relief from judgment is denied.

_____
Herbert N. Goodwin
First Justice

Dated: July 6, 2001

COMMONWEALTH OF MASSACHUSETTS

Norfolk, ss

District Court Department
Brookline Division
Docket NO: 9209RM0045

Steven Glickman, Trustee
Winchester House Condominium
    Plaintiff

v.

Maria Rosenthal,
    Defendant

## MOTION TO VACATE ORDER

Now comes Defendant/Appelant pro se and hereby asks this Court to Vacate Order July 6,2001 by First Justice Herbert N. Goodwin that denied Motion Relief from Judgment Pursuant to Rule 60 filed January 22,2001. Due to the facts as set forth in the Memorandum and Order of the Appeals Court dated December 5,2000 in the entitled matter:

1. "It should been reviewed under Mass.R.Civ.P. 60(a)365 Mass. 829(1974), which authorizes the correction mistakes "at any time" among other thing" AS:

 a)Judgment March 9,1993 issued by Judge Agnes;
 b)Memorandum of Decision dated June 18,1993;
 c)Motion for a New Trial filed June 28,1993;
 d)Notice of Appeal July 22,1993 and October 19,1993;
 e)Motion to Vacate Judgment Pursuant Rule 60 dated September 14,1993 by appearing Attorney Grossack only on that motion;
 f)Issued December 2,1993 Execution by the Court;
 g)Affidavit of Defendant of Actual Findings filed May 31,1994;
 h)Motions for Clarification of Judgment (Rule58) DATED October 17,1997 and April 3,1998;
 i)Request for Reconsideration and Hearing that Defendant sought in her Motion for Relief from Judgment (5/1498):

All these were denied by Judge Agnes and were not reviewed by First

Justice Herbert N. Goodwin to correct mistakes "at any time" made by Judge Agnes, Clerks under the Law stated in Appeals Court Order in the bias and prejudiced case against Defendant.

WHEREFORE, Dfendant ask this Court to Vacate Issued Order.

Dated: July 11, 2001

Respectfully Submitted

*Maria Rosenthal*

Maria Rosenthal

P.O. Box 1953
Brookline. MA 02446

Certificate of Service

Ihereby certify that a tru and correct copy of this motion was sent first class mail Attorney Merrill, Six Beacon ST. Boston, MA 02108.

*Maria Rosenthal*

Maria Rosenthal

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss                                        DISTRICT COURT DEPARTMENT
                                                   BROOKLINE DIVISION
                                                   NO: 9209RM0045

STEVEN GLICKMAN, TRUSTEE          )
WINCHESTER HOUSE CONDOMINIUM,     )
          Plaintiff               )
                                  )
v.                                )
                                  )
MARIA ROSENTHAL,                  )
          Defendant               )

## Memorandum of Decision

After hearing argument from the defendant in response to her Motion to Hold a Hearing herein, the court reviewed various memorandum and decisions including the original decision of Judge Agnes on June 18, 1993, the opinion and order of the Appellate Division of the District Court, Southern Division, dated November 4, 1998 as well as the recent decision of the Appeals Court of the Commonwealth dated December 5, 2000, which reduced the award of attorney's fees to the plaintiff from $2,921.31 to $2,088.00. This matter has been in litigation for almost a decade and it appears to this Court that no additional hearing is warranted nor is any relief from judgment.

GORDON A. MARTIN, JR.
Justice
August 16, 2001

COMMONWEALTH OF MASSACHUSETTS

Norfolk, ss								Brookline Division
									District Court Department
									Civil Action # 9209RM0045

Steven Glickman,        )
          Plaintiff     )
                        )
v.                      )
                        )
                        )
Maria Rosenthal,        )
          Defendant     )


MOTION TO CLARIFY MEMORANDUM OF DECISION


Now comes Defendant in the above-entitled matter and hereby asks this Court to Clarify issued Memorandum of Decision dated August 16, 2001 regarding filed Motion to Vacate Order dated July 6, 2001 and therefore hearing was sought before this Court as required.

The scheduled Hearing of August 13, 2001 went through in absence of Plaintiff and his attorney at 2:00 p.m. and presented documents in support of Motion to Vacate Order filed with the Court as follows;
1. Reply to Plaintiff's Opposition to Defendant's Motion to Vacate Order and Supplemental Relief from Judgment;
2. Second Affidavit;
3. Motion to Stay Appeal while Motion to Vacate Order of July 6, 2001 is pending.

Whether this Court will protect Defendant's Constitutional Rights to appeal taken from Order July 6, 2001 because not addressed in issued Memorandum of Decision. Will this Court allow Motion to Stay Appeal while it has under consideration Motion to Vacate Order July 6, 2001.

Wherefore, asks this Court to Clarify its Memorandum of Decision.


									Respectfully submitted,
Dated: August 22, 2001				        Maria Rosenthal
									Maria Rosenthal

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                              BROOKLINE DISTRICT COURT
                                                          NO: 92 09 RM 0045

STEVEN GLICKMAN, TRUSTEE
WINCHESTER HOUSE CONDOMINIUM,
                    Plaintiff
v.

MARIA ROSENTHAL,
                    Defendant

## MEMORANDUM IN CLARIFICATION OF AUGUST 16, 2001 DECISION

While the court feels that it's earlier decision on this matter was comprehensive, it will now attempt to expand upon its prior ruling. The court has reviewed the prior memoranda, motions, and decisions in this case, which dates back almost a decade. In particular, the court reviewed the original decision of Judge Agnes dated June 18, 1993, the opinion and order of the Appellate Division of the District Court, Southern Division, dated November 4, 1998, and the decision of the Appeals Court of the Commonwealth dated December 5, 2000. Given the decisions of the various courts of the Commonwealth on this matter, this court finds that no additional hearings are warranted, nor is any relief from judgment warranted. Therefore, the Motion to Hold a Hearing is denied. Additionally, the Motion to Vacate the Order of July 6, 2001, is denied. Also, the Motion to Vacate now having been ruled upon, the Motions to Stay Appeal are also denied. As of this date, the court considers this case closed in the district court, and notes that plaintiff has already paid $943.31 to the defendant in compliance with the court's order.

GORDON A. MARTIN, JR.
Justice
November 9, 2001